Nicholas M. Centrella (NJ #024421992)
**CONRAD O'BRIEN P.C.**
1500 Market Street, Centre Square
West Tower, Suite 3900
Philadelphia, PA  19102-2100
Phone: (215) 864-9600
ncentrella@conradobrien.com

*Attorneys for Defendant*
*Archdiocese of Philadelphia*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>v.<br><br>ARCHDIOCESE OF PHILADELPHIA, et al.,<br><br>Defendants. | No. _____<br><br><br><br>**NOTICE OF REMOVAL** |

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:**

Defendant Archdiocese of Philadelphia (the "Archdiocese") hereby removes this action

to this Court from the Superior Court of New Jersey, Law Division, Civil Part, Atlantic County,

under 28 U.S.C. §§ 1332, 1441 and 1446.  In support of removal, the Archdiocese states as

follows[1]:

---

[1]     In accordance with 28 U.S.C. § 1446(a) and Local Rule 5.2, copies of all documents filed in the Superior Court of New Jersey and all other process, pleadings and orders served on the Archdiocese are attached as exhibits.

1.      In accordance with Local Rule 10.1(a), the addresses of the named parties are:

a.      Plaintiff John Doe is a resident of Idaho according to his counsel, who has not provided Plaintiff's address.

b.      Defendant Archdiocese of Philadelphia nonprofit religious organization with its principal place of administration at 222 N. 17th Street, Philadelphia, Pennsylvania, 19103.

## INTRODUCTION

2.      On November 29, 2021, Plaintiff commenced this action by filing a complaint in the Superior Court of New Jersey, Law Division, Civil Part, Atlantic County, captioned *John Doe v. Archdiocese of Philadelphia*, No. ATL-L-003814-21.  (Exhibit A, Complaint)

3.      Plaintiff's complaint alleges that Plaintiff was sexually abused by William McKenzie, a teacher at Our Lady of Lourdes School in Philadelphia, and brings negligence and related claims against the Archdiocese for its alleged failures to adequately supervise McKenzie. (*Id.*)

4.      On November 30, 2021, the Archdiocese was served with the Complaint.  (Exhibit C, Affidavit of Service)

5.      This case is removable to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  Plaintiff is an Idaho citizen and the Archdiocese is a Pennsylvania citizen.

6.      Removal is timely.  *See* 28 U.S.C. § 1446(b)(1) (a notice of removal shall be filed "within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.").

## VENUE AND PROCEDURAL COMPLIANCE

7.       Venue in this Court is proper under 28 U.S.C. § 1441(a) because this action was originally filed in the Superior Court of New Jersey, Law Division, Civil Part, Atlantic County, which is within the District of New Jersey.  *See* 28 U.S.C. § 110.

8.       Under 28 U.S.C. § 1446(d), the Archdiocese Defendants will promptly file a copy of this Notice of Removal in the Superior Court of New Jersey, Law Division, Civil Part, Atlantic County, and give Plaintiffs written notice of the removal of this action.

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

9.       This Court has original jurisdiction under 28 U.S.C. § 1332(a), and this action may be removed by the Archdiocese Defendants under 28 U.S.C. § 1441(a) because it is a civil action in which: (1) complete diversity of citizenship exists and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10.      Complete diversity of citizenship of the parties exists, as follows:

a.       On information and belief, Plaintiff John Doe is a citizen of Idaho.  Although neither Plaintiff's citizenship nor his state of residence is pleaded in the Complaint, counsel for Plaintiff has informed the Archdiocese's counsel that Plaintiff lives in Idaho.

b.       Defendant Archdiocese is a citizen of Pennsylvania.  The Archdiocese is a nonprofit religious organization with its principal place of administration located at 222 N. 17th Street, Philadelphia, Pennsylvania, 19103.    The Archdiocese is an "unincorporated association" for purposes of diversity jurisdiction, whereby "the citizenship of . . . unincorporated associations is determined by the citizenship of their . . . members." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).   All the Archdiocese's members are citizens of Pennsylvania.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

11.     District courts have subject-matter jurisdiction over civil actions where complete diversity of citizenship exists and the amount in controversy exceeds $75,000, exclusive of interests and costs.  28 U.S.C. § 1332(a).

12.     Plaintiff's complaint does not specify the amount in controversy.  However, "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"; evidentiary submissions are not required with this Notice of Removal.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

13.     The amount in controversy exceeds the jurisdictional minimum of $75,000.

14.     In this case, Plaintiff seeks damages for years of emotional distress, other pain and suffering, and for psychiatric treatment.  This is consistent with similar cases against the Archdiocese in which plaintiffs have sought well over $75,000 in damages.

15.     Accordingly, the amount-in-controversy requirement of 28 U.S.C. § 1332 is satisfied.

## CONCLUSION

16.     As set forth above, the Archdiocese has established that this Court has original jurisdiction under 28 U.S.C. § 1332 because (1) complete diversity exists and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

17.     As set forth above, removal is proper under 28 U.S.C. §§ 1441 and 1446 because (1) this Court has original jurisdiction under 28 U.S.C. § 1332; (2) no party is a citizen of New Jersey; and (3) removal is timely.

WHEREFORE, the Archdiocese Defendants remove this matter to this Court under 28

U.S.C. §§ 1332, 1441 and 1446.


Dated:  December 29, 2021          **CONRAD O'BRIEN P.C.**

*s/ Nicholas M. Centrella*
Nicholas M. Centrella (NJ #024421992)
1500 Market Street, Suite 3900
Philadelphia, PA 19102-2100
Phone: (215) 864-9600
ncentrella@conradobrien.com

*Attorneys for Defendant Archdiocese of*
*Philadelphia*

## CERTIFICATION

Under Local Rule 11.2, the undersigned certifies that the matters raised in this action are

not the subject of any other pending lawsuit, arbitration, or administrative proceeding, except the

state-court action, which is being removed.

*s/ Nicholas M. Centrella*
**CONRAD O'BRIEN P.C.**
Nicholas M. Centrella (NJ #024421992)
1500 Market Street, Centre Square
West Tower, Suite 3900
Philadelphia, PA 19102-2100
Phone: (215) 864-9600
Fax: (215) 864-9620
ncentrella@conradobrien.com

*Attorneys for Defendant Archdiocese of
Philadelphia*

## <u>CERTIFICATE OF SERVICE</u>

I, Nicholas M. Centrella, certify that on December 29, 2021, I caused a true and correct

copy of the foregoing Notice of Removal to be served on the below-listed counsel by email and

additionally by U.S. mail (if the below-listed counsel does not agree to accept service by email):

Stewart Ryan, Esq.
Brian D. Kent, Esq.
LAFFEY, BUCCI & KENT LLP
371 Hoes Ln # 200
Piscataway, NJ 08854
sryan@laffeybuccikent.com