IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>ARCHDIOCESE OF PHILADELPHIA,<br>ET AL.,<br><br>　　　　　　　Defendants. | CIVIL ACTION<br>NO. 22-3419 |

**ORDER**

**AND NOW**, this 27th day of January 2023, upon consideration of Defendant's Motion for Judgment on the Pleadings (Doc. No. 18), Plaintiff's Response in Opposition (Doc. No. 21), and Defendant's Reply (Doc. No. 22), it is **ORDERED** that the Motion (Doc. No. 18) is **GRANTED**.[1]

---

[1] The case originated in the Superior Court of New Jersey. Defendants removed this case to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1441(a) based on diversity of citizenship jurisdiction. (See Doc. No. 1 at 2-3.) District Judge Christine P. O'Hearn transferred this case, in lieu of dismissal, to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1406(a) because (1) the District of New Jersey lacked personal jurisdiction over the Archdiocese and (2) the action could have been brought in this District. (See Doc. No. 12 at 4-6.)

This case arises from allegations by Plaintiff John Doe ("Plaintiff") that Defendants Archdiocese of Philadelphia (the "Archdiocese"), ABC Corporations One through Ten, and John Does One through Ten (all collectively referred to as "Defendants") engaged in acts of negligence, negligent supervision, and negligent hiring and retention. (See Doc. No. 1-2.)

Sometime between 1979 and 1981, Plaintiff was a student in the seventh grade at Our Lady of Lourdes School where he met William McKenzie, a lay teacher. Our Lady of Lourdes School is a Catholic grade school within the Archdiocese. (See id. at 6.) McKenzie taught Plaintiff while he was in the seventh and eighth grades. (See id.) Plaintiff alleges that during his time in the seventh and eighth grades, McKenzie forced him to engage in grotesque sexual behavior and sexually abused him both at McKenzie's home and on school property. (See id. at 7-8.) As a result of the abuse, Plaintiff claims to have "struggled with substance abuse of drugs and

alcohol, suppression of memories, confusion over his sexuality, inability to maintain healthy relationships, and symptoms of post-traumatic stress disorder." (Id. at 10.)

Plaintiff alleges in his Complaint that Defendants were negligent in their failure to supervise McKenzie, investigate prior allegations against him, "identify McKenzie as a sexual abuser," and interview people that had information regarding "employees accused of sexual abuse," to name a few. (Id. at 15-16.) He further asserts that Defendants "knew or should have known of the need to supervise seminarians and priests in . . . their relationships with young children" and "of the particular risk posed by McKenzie . . . ." (Id. at 17.) Lastly, Plaintiff claims that Defendants negligently hired and retained McKenzie by "[f]ailing to conduct a thorough background check of McKenzie" and by "[f]ailing to investigate whether McKenzie had any inappropriate sexual interest in young boys." (Id. at 19.)

Before the Court is Defendants' Motion for Judgment on the Pleadings. (Doc. No. 18.) They argue that Pennsylvania law applies because this Court, as the transferee court pursuant to 28 U.S.C. § 1406, must apply the law of the state in which it sits. (See id. at 8-9.) Defendants further claim that Pennsylvania's two-year statute of limitations applies under what is known as Pennsylvania's "borrowing statute," which will be discussed infra. (See id. at 9-12.) Lastly, because Plaintiff's negligence allegations arise from acts that occurred over forty years ago, Defendants assert that the claims are time-barred. (See id. at 12-13.)

In his Response, Plaintiff asserts that New Jersey's statute of limitations, N.J.S.A. § 2A:14-2a, under which his claims have not yet expired, "should apply because: (1) plaintiff initially instituted suit in New Jersey; (2) New Jersey has a greater interest than Pennsylvania in the outcome of this litigation; and (3) public policy considerations clearly weigh in favor of providing recourse to a victim of childhood sexual abuse against an institution well known for harboring pedophiles." (Doc. No. 21 at 10-11.)

For reasons that follow, the Motion for Judgment on the Pleadings (Doc. No. 18) will be granted.

**Standard of Review**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In deciding a motion for judgment on the pleadings, a court "may only consider 'the complaint, exhibits attached to the complaint, [and] matters of public record . . . .'" See Wolfington v. Reconstructive Orthopaedic Assocs. II PC, 935 F.3d 187, 195 (3d Cir. 2019) (explaining that the district court's consideration of documents outside the pleadings convert a motion for judgment on the pleadings into a motion for summary judgment).

"A motion for judgment on the pleadings under Rule 12(c) 'is analyzed under the same standards that apply to a 12(b)(6) motion.'" See id. Like a motion to dismiss, under Rule 12(c), "the trial court must view the facts in the pleadings in the light most favorable to plaintiff and must grant the motion only if the moving party establishes that no material issues of fact

remain[] and that it is entitled to judgment as a matter of law." Shelly v. Johns-Manville Corp., 798 F.2d 93, 97 n.4 (3d Cir. 1986); see also Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008). A motion for judgment on the pleadings is granted only where "the plaintiffs would not be entitled to relief under any set of facts that could be proved." Green v. Fund Asset Mgmt., L.P., 245 F.3d 214, 220 (3d Cir. 2001).

**Transfer under 28 U.S.C. § 1406 and Choice of Law Analysis**

Generally, federal district courts apply the choice of law rules of the state in which they sit. See Klaxon v. John Deere Co., 313 U.S. 487, 496 (1941). However, there is an exception to this general rule where an action has been transferred from one district (the transferor) to another (the transferee) for the convenience of the parties under 28 U.S.C. § 1404(a). In that case, the transferee court applies the choice of law rules of the state in which the transferor court sits. See Ferens v. John Deere Co., 494 U.S. 516, 523 (1990).

But where an action is transferred because the transferor court lacks personal jurisdiction over the defendant, the transferee court applies its own choice of law rules. See Doe v. Archdiocese of Phila., No. 20-3024, 2021 WL 796142, at *4 (E.D. Pa. Mar. 2, 2021) (quoting In re Winstar Commc'ns, Inc., 591 F. App'x 58, 60 (3d Cir. 2015)); see also Reyno v. Piper Aircraft Co., 630 F.2d 149, 165 (3d Cir. 1980) ("[W]hen there as been an interstate transfer without personal jurisdiction, the transferor state's choice of law does not apply to that defendant.").

Here, venue was transferred to this District pursuant to 28 U.S.C. § 1406, which provides: "The district court of a court in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "This rule is intended to prevent a defendant from being unfairly prejudiced by plaintiff's improper forum selection. The rule also aims to prevent gamesmanship whereby a plaintiff files in an improper forum to take advantage of longer statutes of limitations and hopes to enjoy the benefit of the longer period even after transfer." Doe, 2021 WL 796142, at *4. Here, the case was transferred to this Court from the District of New Jersey because there was no personal jurisdiction in that court. Thus, Pennsylvania's choice of law rules apply.

**Pennsylvania's Choice of Law Rules**

Applying Pennsylvania's choice of law rules requires this Court to apply Pennsylvania's statute of limitations. "Pennsylvania courts ordinarily apply the Pennsylvania statute of limitations. Thus, we conclude that a Pennsylvania court would apply its own limitations statute in determining the timeliness of plaintiff's claims." Ross v. Johns-Manville Corp., 766 F.2d 823, 826 (3d Cir. 1985); see also Kornfeind v. New Werner Holding Co., 241 A.3d 1212, 1221 (Pa. Super. Ct. 2020) ("In Pennsylvania, statutes of limitations are a form of procedural law that bar recovery on an otherwise viable cause of action.").

Plaintiff advocates for a "government interest" analysis. Under this analysis:

3

> First, the court must determine whether the substantive laws of [the transferor court] and the foreign jurisdiction differ on the issue before it. Second, if the laws do differ, then the court must determine what interest, if any, the competing jurisdictions have in the application of their respective laws. . . . If more than one jurisdiction has a legitimate interest, the court must move to the third stage of the analysis, which focuses on the comparative impairment of the interest jurisdictions. This third step requires the court to identify and apply the law of the state whose interest would be the more impaired if its law were not applied.

Rustico v. Intuitive Surgical, Inc., 993 F.3d 1085, 1091 (9th Cir. 2021) (citation omitted). However, "Pennsylvania, and the federal courts within it, have declined to adopt an interest-based analysis to questions of procedural law" like statutes of limitations. Doe, 2021 WL 796142, at *4 (citing Ross, 766 F.2d at 826).

"Under Pennsylvania law, the choice between Pennsylvania's or another state's statute of limitations' accrual rules is not resolved by a conflict-of-law analysis. Instead, Pennsylvania courts either apply the Commonwealth's statute of limitations, or, when the claim accrues in a foreign jurisdiction, look to the Commonwealth's 'borrowing statute' for guidance." Oldham v. Pa. State Univ., No. 20-2364, 2022 WL 1528305, at *6 (M.D. Pa. May 13, 2022). In other words, "Pennsylvania thus applies its own statutes of limitations unless the 'borrowing statute' applies." Doe, 2021 WL 796142, at *5 (citing Agere Sys., Inc. v. Advanced Envtl. Tech. Corp., 552 F. Supp. 2d 515, 523 (E.D. Pa. 2008)).

**Pennsylvania's Borrowing Statute**

Under 42 Pa. C.S. § 5521, "[t]he period of limitation applicable to a claim accruing outside this Commonwealth shall be either that provided or prescribed by the law of the place where the claim accrued or by the law of this Commonwealth, whichever first bars the claim." 42 Pa. C.S. § 5521(b). This "borrowing statute operates to bar the claim when two conditions are met: (1) the claim accrues in another state, and (2) the law of that state bars the claim before the Pennsylvania statute of limitations." Jacobs v. Halper, 116 F. Supp. 3d 469, 478 (E.D. Pa. 2015) (citing Ross, 766 F.2d at 828). Regardless of whether Plaintiff's claims accrued in Pennsylvania or New Jersey, Pennsylvania's statute of limitations applies because it is the shorter of the two limitations periods. See Doe, 2021 WL 796142, at *5 (citing Frankentek Residential Sys., LLC v. Buerger, 15 F. Supp. 3d 574, 581 (E.D. Pa. 2014)).

The statute of limitations for a negligence action in Pennsylvania is two years. See 42 Pa. C.S. 5524. Pennsylvania's statute of limitations was amended in 1984 to toll the statute of limitations for childhood sexual abuse claims during a child's minority plus another two years after turning eighteen. See 42 Pa. C.S. § 5533(b)(1984). The statute was amended again in 2002 to toll the statute of limitations during the child's minority plus another eighteen years. However, the 2002 amendment expressly stated that it would not "be applied to revise an action which has been barred by an existing statute of limitations on [August 27, 2002]." 2002 Pa. Legis. Serv. Act 2002-86 (S.B. 212). A 2019 amendment to Pennsylvania's minor tolling statute gives individuals thirty-seven years after they turn eighteen to raise a childhood sexual abuse claim.

4

This amendment too "shall not be applied to revive an action which has been barred by an existing statute of limitations on [November 26, 2019]." 2019 Pa. Legis. Serv. Act 2019-87 (H.B. 962). Put differently, if a claim is time-barred prior to either amendment's effective date, that claim is still time-barred.

New Jersey's statute of limitations for certain claims involving sexual abuse of a minor is "within 37 years after the minor reaches the age of majority or within seven years from the date of reasonable discovery of the injury and its causal relationship to the act, whichever date is later." N.J.S.A. § 2A:14-2a. Furthermore, in New Jersey, "an action at law for an injury resulting from the commission of sexual assault . . . may be commenced" even if it "would otherwise be barred through application of the statute of limitations." Id. § 2A:14-2b. Clearly, Pennsylvania's two-year statute of limitations is shorter than either the statutory period or the abrogation of statutory limitations in New Jersey. Therefore, Pennsylvania's two-year limitations period applies.

Plaintiff, however, claims that New Jersey has a superior interest in the outcome of this litigation under the governmental interest test. (See Doc. No. 21 at 12-13.) Under the governmental interest test, the transferee court "first determines whether the laws of the two jurisdictions differ" and next "determine[s] whether both states have an interest in applying their respective law." Fed. Ins. Co. v. Purex Indus., 972 F. Supp. 872, 878 (D.N.J. 1997). However, this test in inapplicable here.

In Purex, supra, the case was transferred from the Central District of California to the District of New Jersey pursuant to 28 U.S.C. § 1404(a), not § 1406. As noted supra, if venue is transferred pursuant to § 1404(a), then the transferee court applies the transferor court's law, and transfers pursuant to § 1406 due to lack of personal jurisdiction require the transferee court to apply the law of the state in which it sits. See Feren, 494 U.S. at 523. Moreover, because venue in Purex was transferred pursuant to § 1404(a), the court was required to apply California's choice of law rules. Here, however, a choice of law analysis is unnecessary in the first instance because this Court must apply Pennsylvania law regarding treatment of procedural issues like statutes of limitations. Therefore, the governmental interest test does not apply here.

Finally, Plaintiff argues that Pennsylvania's borrowing statute does not apply because "while the claim accrued in New Jersey, the law of New Jersey does not bar the claim." (Doc. No. 21 at 15.) However, the clear language of the borrowing statute requires that Pennsylvania courts apply the law of whichever state "first bars the claim." 42 Pa. C.S. § 5521(b). "When the shorter limitations period is the one provided by Pennsylvania, Pennsylvania does not need to borrow another state's statute of limitations. That is the case here." Doe, 2021 WL 796142, at *5. Pennsylvania's statute of limitations applies.

**Pennsylvania's Statute of Limitations Bar Plaintiff's Claims**

Because Plaintiff does not otherwise argue that the statute of limitations should be tolled or assert that his claims are timely under any discovery rule, his claims are barred by the statute of limitations. Assuming he was fourteen years old when he was in the eighth grade in 1981,

5

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.

---

which is the latest Plaintiff alleges McKenzie sexually abused him, he would have reached maturity in 1985.  Since the 1984 minor tolling statute would have applied to Plaintiff and he would be afforded an additional two years after reaching maturity to bring a childhood sexual abuse claim, he had to file his claim by 1987.  Since he did not, his claim was time-barred after 1987.  Therefore, neither the 2002 nor the 2019 amendments of Pennsylvania's minor tolling statutes revive his time-barred claim and his claim, therefore, is untimely.

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings (Doc. No. 18) will be granted.